# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ZACHARIA STEWART,

          Petitioner,    :    Case No. 2:18-cv-702

  - vs -                       District Judge George C. Smith
                                   Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

                                    :
          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 7). The motion shows that it was served on the Petitioner by regular mail on November 15, 2018. *Id.* at PageID 82. Under S. D. Ohio Civ. R. 7.2 and Fed.R.Civ.P. 6, Petitioner's deadline for filing a response was December 10, 2018. However, no response has been filed.

The Magistrate Judge reference in this case has been transferred to the undersigned to help balance the workload in this judicial district.

Respondent seeks dismissal because Petitioner had not properly pleaded grounds for relief as required by Rule 2 of the Rules Governing § 2254 Cases. The Petition pleads as follows:

    **Ground One**: Effective Assistance of Counsel

    **Supporting Facts:** Unreasonable strategy violated appellant's federal and state constitutional rights to effective assistance of counsel. Counsel went against the concerns and wishes of his client.

    **Ground Two:** Due Process Rights

1

> **Supporting Facts:** Counsel refused to listen to the client's concerns. "But for" counsel's refusal the outcome would have been different.

(Petition, ECF No. 1, PageID 5, 7).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant effective assistance of counsel. That guarantee has been "incorporated" into the Fourteenth Amendment's Due Process Clause. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility). Therefore the Magistrate Judge reads the Petition as alleging that Petitioner received ineffective assistance of trial counsel in that counsel pursued an unreasonable strategy and did not listen to Petitioner's concerns.

However, Respondent correctly points out that Petitioner has put no flesh on those bare bones: he has pleaded no facts which, if proven, would entitle him to habeas corpus relief. Instead, he has pleaded mere legal conclusions – my lawyer provided ineffective assistance of trial counsel. He has not said what strategy was pursued and what made it unreasonable, nor has he said what concerns he had were not given appropriate attention.

"Unlike the generous notice-pleading standard for the benefit of ordinary civil plaintiffs under Federal Rule of Civil Procedure 8(a), see *Conley v. Gibson*, 355 U.S. 41, 47 (1957), Habeas Corpus Rule 2(c) requires habeas petitioners to 'specify all the grounds for relief available,' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 669 (2005)(Souter, dissenting). *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Blackledge v. Allen*, 431 U.S. 63, 76 n.7 (1977).

> Although calling the requirement of fact pleading "wholly anachronistic," in light of "far less exacting pleading . . . for ordinary civil actions." Wright and Miller agree that fact pleading is required by Habeas Rule 2(c). Wright, Miller, Cooper & Amar, Federal

> Practice and Procedure: Jurisdiction 3d § 4268.3 (2007). Hertz & Liebman agree that Habeas Rule 2(c) states a fact pleading requirement "which deviates from the 'notice pleading' rule applicable in other federal civil cases. . ." Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure 6th §11.6 (2011). They interpret the rule as requiring "that the petitioner include in the statement of each claim enough supporting facts to distinguish it from claims of its generic type and to justify a decision for the petitioner once the alleged facts are proven." Id. Hertz and Liebman set out in the margin numerous cases where federal courts have found the factual pleading in habeas petitions to be insufficient including, *inter alia, Hill v. Lockhart, supra.*

*Bays v. Warden, Ohio State Penitentiary,* 2016 U.S. Dist. LEXIS 25103 *20-21 (S.D. Ohio Mar. 1, 2016)(Merz, M.J.) Of course, the lax pleading rule for ordinary civil cases enunciated in Conley, supra, has been expressly overruled. *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 555 (2007).

**Conclusion**

The Petition in this case fails to meet the minimal pleading standards of Habeas Rule 2(c). It should therefore be dismissed without prejudice on that basis. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 23, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).